**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-cv-22373-ALTMAN/Sanchez**

**ANSON JACKSON**,

 *Plaintiff,*

*v.*

**ACTING COMMISSIONER OF**
**SOCIAL SECURITY**,

 *Defendant.*

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

 On December 26, 2023, the Plaintiff filed an Amended Unopposed Motion for Attorney Fees under the Equal Access to Justice Act (the "Motion") [ECF No. 19]. On April 26, 2024, U.S. Magistrate Judge Eduardo Sanchez issued a Report and Recommendation (the "Report") [ECF No. 21], in which he suggested that we should grant the Motion. Magistrate Judge Sanchez also issued the following warning:

> Within five (5) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge. The undersigned has shortened the objection period because the instant Motion is unopposed and the undersigned has recommended that the full amount of requested fees be awarded. Failing to file objections timely will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

*Id.* at 8–9. That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 21] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Amended Unopposed Motion for Attorney Fees under the Equal Access to Justice Act (the "Motion") [ECF No. 19] is **GRANTED**.

3. The Plaintiff shall be awarded **$5,486.83** in attorneys' fees.

4. This case shall remain **CLOSED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on May 2, 2024.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record